IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LIJO PANGHAT, M.D.,
    *Plaintiff,*

v.

BALTIMOR VETRANS AFFAIRS
HEALTH CENTER, *et al.*
    *Defendants.*

Civil Action No.: ELH-19-994

**MEMORANDUM**

On January 23, 2019, plaintiff Lijo Panghat, M.D., who is self-represented, filed suit in the Circuit Court for Baltimore City against his former employers, Baltimore Veterans Affairs Health Center ("VA") and University of Maryland, Baltimore ("UM"). ECF 5 ("Complaint"). Defendants removed the case to federal court on April 2, 2019, under 28 U.S.C. § 1441. ECF 1 ("Notice of Removal").

In essence, plaintiff avers that defendants unlawfully fired him in retaliation for raising a sexual harassment complaint and that his termination violated procedural due process. ECF 5. The 44-page Complaint is difficult to decipher, but it appears that plaintiff lodges claims of employment retaliation (*id.* ¶¶ 89-104); breach of contract (*id.* ¶¶ 105-07); denial of due process (*id.* ¶¶ 19, 20, 22, 34, 37, 63, 96-103, 112); intentional infliction of emotional distress (*id.* ¶¶ 129-33); and misrepresentation (*id.* ¶¶ 134-42). Plaintiff appended thirteen exhibits to the Complaint. ECF 5-2 to ECF 5-14.

UM filed a motion to dismiss on May 24, 2019, for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). ECF 16. The motion is supported by a memorandum of law (ECF 16-1) and numerous exhibits. ECF

16-2 to ECF 16-20. The same day, VA filed a motion to dismiss or, in the alternative, for summary judgment (ECF 17), along with a memorandum of law. ECF 17-1. Plaintiff opposes both motions. ECF 25; ECF 26. UM has replied (ECF 27), and, per this Court's September 30, 2019 Order (ECF 32), the VA's reply is due by October 30, 2019.

On September 27, 2019, plaintiff filed a "Motion to Seek Judicial Protection &/Or Temporary Restraining Order." ECF 31 ("TRO Motion"). The TRO Motion is supported by an affidavit. ECF 31-1.

This Memorandum resolves only the TRO Motion. No hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, plaintiff's TRO Motion shall be denied.

**I. Background**

Dr. Panghat is an Indian national working in the United States on a J-1 Visa. ECF 5, ¶ 1. In September 2015, UM hired Dr. Panghat as a Post-Doctoral Fellow in the Department of Surgery at the University of Maryland School of Medicine. ECF 5, ¶ 8; ECF 5-3. As part of his job at UM, plaintiff also worked part-time at VA. ECF 5, ¶ 12.

Plaintiff alleges that, while working at the VA, he was sexually harassed by a senior surgeon. ECF 5, ¶ 15. According to plaintiff, he reported "this ill-treatment and needless abuse to his supervisors[,] Dr. Braganza and Dr. Lal." *Id.* However, plaintiff alleges that instead of intervening, his supervisors "made the situation worse by subjecting him to further harassment, needlessly." *Id.*

On or about January 19, 2016, plaintiff met with two senior physicians, Dr. Lal and Dr. Sarkar. *Id.* ¶ 17. Dr. Sarkar told plaintiff that a VA employee had accused him of stalking and sexual harassment. *Id.* Dr. Sarkar then fired plaintiff. *Id.* ¶ 18. When plaintiff "tried to speak up in his defense, Dr. Lal refused to give him an opportunity . . . to explain himself and try to prove

his innocence." *Id.* Plaintiff maintains that he was terminated "without any notice, either oral or written." *Id.* ¶ 19.

Plaintiff raised the issue of his termination with UM's Title IX coordinator. *Id.* ¶ 5. But, according to plaintiff, UM retaliated against him by "blocking his transfer" to Johns Hopkins University, where he alleges he had obtained employment as a post-doctoral fellow. *Id.* Further, plaintiff alleges that UM's meddling has jeopardized his visa status. *Id.* Plaintiff represents that he has been unable to find work since leaving UM. *Id.* ¶ 6.

As noted, plaintiff filed this lawsuit in State court, on January 23, 2019, and the case was removed on April 2, 2019. ECF 1. Plaintiff filed the TRO Motion on September 27, 2019. ECF 31.

In the TRO Motion, plaintiff maintains that he "recently came across" what he calls "new evidence . . . that an employee of [UM] is explicitly threatening to inflict physical harm against" him. *Id.* at 1. Plaintiff's "new evidence" is a factual averment contained in a complaint filed in a different case pending in this district. *Id.* (citing *Goldstein v. Univ. of Md. Sch. of Medicine*, CCB-18-cv-2376, ECF 1 ("*Goldstein* Complaint")). In that case, the plaintiff has brought claims of sexual harassment, retaliation, and constructive discharge against UM and several other defendants, alleging that, while serving as a research coordinator at VA, she was sexually harassed by various physicians, including Dr. Panghat. *See id.* ¶¶ 131, 164-73. In his TRO Motion, plaintiff points to the following allegation in the *Goldstein* Complaint, ECF 31 at 1: "171. Toursavadkohi responded, 'I will put him up against a wall and tell him: you leave her alone right now.'" Plaintiff contends that he is subject of this statement. *Id.* "[D]eeply disturbed" by the comment, plaintiff avers that this individual poses a "serious and genuine threat" to his safety. *Id.* at 2. Accordingly, he urges the Court to "immediately issue a restraining order against" Toursavadkohi. *Id.*

3

## II. Discussion

Under Fed. R. Civ. P. 65(b) "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." The same analysis governs both a motion for preliminary injunction and a request for temporary restraining order. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). Therefore, I will refer to cases addressing preliminary injunctions.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren.* 553 U.S. 674, 689-90 (2008)); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds and remanded*, 130 S. Ct. 2371 (2010), *reaff'd in part and remanded*, 607 F.3d 355 (4th Cir. 2010). Moreover, it is a remedy that is "'granted only sparingly and in limited circumstances.'" *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)).

Thus, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Prod Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982); *see also Real Truth About Obama*, 575 F.3d at 345 (applying the standard for preliminary injunctions set forth in *Winter)*. A preliminary injunction cannot be issued unless all four of these elements are met, and "'[p]laintiff bears the burden of establishing that each of these

factors supports granting the injunction.'" *Direx Israel*, 952 F.2d at 812 (quoting *Tech. Publ'g Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984)).

As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel,* 952 F.2d at 812 (citation omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Plaintiff fails to show that he will suffer irreparable harm absent emergency injunctive relief. The TRO Motion rests entirely on a factual averment contained in a complaint filed in a different lawsuit. This lone statement cannot support the weight plaintiff places on it. For one thing, it is merely an untested allegation, and plaintiff has provided no additional evidence in the TRO Motion to corroborate its veracity. Even if the statement was actually made, however, it is stale. Ms. Goldstein filed her suit on August 2, 2018. *See* No. 18-cv-2376-CCB, ECF 1. Consequently, the statement that serves as the basis for the TRO Motion is, at a minimum, more than a year old. And, plaintiff has provided no evidence that Toursavadkohi presents an imminent threat to his safety.

As alleged in the *Goldstein* Complaint, Shahab Toursavadkohi, M.D., is an Assistant Professor at UM. *Id.* ¶ 30. According to the *Goldstein Complaint*, when the plaintiff in that case told Dr. Toursavadkohi that Dr. Panghat was sexually harassing her, he responded that he would "put him up against a wall and tell him: you leave her alone right now.'" *Id.* ¶ 177. However, Dr. Panghat does not work at VA. Indeed, he has not worked there in over three years. ECF 5, ¶ 6.

Accordingly, plaintiff has not demonstrated that he faces imminent irreparable harm that warrants a temporary restraining order.

### III. Conclusion

Plaintiff has not met the burden required for the "extraordinary remedy" of a preliminary injunction. *Winter*, 555 U.S. at 24. Therefore, I shall deny the Motion (ECF 31).

An Order follows.

Date: October 2, 2019                  /s/

                                             Ellen L. Hollander
                                             United States District Judge