IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LIJO PANGHAT, M.D.
*Plaintiff*

v.

BALTIMORE VETERANS AFFAIRS
MEDICAL CENTER, *et al.*
*Defendants.*

Civil Action No. ELH-19-994

**MEMORANDUM**

This Memorandum resolves the "Motion To Submit Newly Discovered Pertinent And Compelling Evidence" (ECF 63, the "Motion") filed by the self-represented plaintiff, Lijo Panghat, M.D., in this closed employment discrimination case. The Motion is filed under Fed. R. Civ. P. 60 and includes six exhibits.

Dr. Panghat sued his former employers, Baltimore Veterans Affairs Health Center ("VA") and the University of Maryland, Baltimore ("UM"), alleging that defendants fired him in retaliation for lodging a sexual harassment complaint against his supervisor. ECF 5 (the "Complaint").[1] Plaintiff asserted claims, *inter alia*, for denial of due process; misrepresentation; intentional infliction of emotional distress; breach of contract; and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). The Court dismissed the suit by Memorandum Opinion (ECF 42) and Order (ECF 43) of December 27, 2019. Unhappy with that ruling, Dr. Panghat moved for reconsideration (ECF 47) and my recusal (ECF 52). By Memorandum Opinion (ECF 56) and Order (ECF 57) of March 27, 2020, I denied both motions.

---

[1] Suit was filed in the Circuit Court for Baltimore City. The United States removed the case to this Court. ECF 1.

1

Thereafter, Dr. Panghat noted an appeal to the U.S. Court of Appeals for the Fourth Circuit. ECF 58. The Fourth Circuit docket shows that plaintiff sought leave from that court to "Submit Newly Discovered Pertinent And Compelling Evidence." *See* Appeal No. 20-1496, Doc. No. 28. On February 25, 2021, the Fourth Circuit issued a summary affirmance for the reasons stated by the district court. ECF 62-1. The Court also denied plaintiff's "motion for leave to submit newly discovered evidence." *Id.*

Dr. Panghat then petitioned the Fourth Circuit for rehearing or rehearing en banc. ECF 67. The petition was denied (ECF 71), and the mandate issued on May 11, 2021. ECF 72.

In the interim, plaintiff filed the pending Motion on March 29, 2021. UM opposes the Motion. ECF 66.[2] Plaintiff has replied. ECF 68. Both plaintiff and UM have also filed supplemental submissions. ECF 64; ECF 65; ECF 69; ECF 70.

No hearing is necessary to resolve the Motion. *See* Rule 105.6. For the reasons that follow, I shall deny the Motion.

**I.**

I shall construe the Motion as one for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(2).

Fed. R. Civ. P. 60(b) is captioned "Relief from a Judgment or Order." It sets forth a variety of grounds for relief from a final judgment or order. In particular, it permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the

---

[2] The United States has not responded.

2

reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

For relief under Rule 60(b), a plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party. *See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017); *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Of relevance here, Rule 60(b)(2) allows a party to obtain relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Notably, Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 313.[3]

Moreover, a party "must make a Rule 60(b) motion 'within a reasonable time,' Fed. R. Civ. P. 60(c)(1), and 'the movant bears the burden of showing timeliness.'" *Wells Fargo*, 859 F.3d at 300 (quoting *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016), *cert. denied sub nom. Moses v. Thomas*, ___ U.S. ___, 137 S. Ct. 1202 (2017)). In particular, Rule 60(c)(1), titled "Timing", provides: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons

---

[3] In addition, "'[i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal.'" *Wells Fargo*, 859 F.3d at 300 (citing *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)) (alteration added). But, that principle has no relevance here, as plaintiff lodged an appeal.

3

(1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

**B.**

The Motion appears to implicate Dr. Panghat's request for documents from the Maryland Commission on Civil Rights ("MCCR") pertaining to a complaint he filed with the MCCR against his former employer in 2016. *See* ECF 63 at 1-10. Plaintiff requested the files pertinent to his complaint in 2019 and received them in June 2020. ECF 63-1, ¶¶ 1, 16. Nine months later, plaintiff filed the Motion, arguing that UM made inaccurate statements to MCCR during the administrative proceedings. He asserts, among other things, that defendants have made repeated false statements and committed fraud on the Court. However, plaintiff clearly attempts to relitigate the substance of his claims. *See* ECF 63 ¶¶ 13, 16-22, 24, 25, 27, 28, 41-53.

UM argues that the Motion was not filed within a reasonable time, as required by Rule 60. ECF 66 at 5. In the alternative, UM contends that plaintiff's claims of newly discovered evidence have no bearing on the grounds for the Court's dismissal of the suit—namely, state sovereign immunity, res judicata, and administrative exhaustion. *See id.* at 6-7.

I agree with the defense. As explained at length in my previous rulings, the suit is barred by state sovereign immunity; plaintiff failed to satisfy conditions precedent to Maryland's waivers of sovereign immunity. *See* ECF 56 at 3. The doctrine of res judicata likewise causes the suit to fail because a State court action brought by plaintiff, which arose out of the same nucleus of operative facts, resulted in a final judgment. *See id.* at 4. And, plaintiff's claims against the VA foundered because of his failure to exhaust his administrative remedies. *See id.* Nothing in the Motion weakens the basis for these conclusions. Therefore, I shall deny the Motion.

## C.

Plaintiff is "convinced" that he is "not getting the justice [he] deserve[s] . . . ." ECF 73. He complains about the purportedly illegal conduct of his adversaries and the two courts that have heard his case. *Id.* In his view, "the laws are being blatantly flouted merely because he is an Asian, a brown-skinned and foreign national." ECF 63 at 5, ¶ 23; *id.* at 8, § 6.

It is, frankly, disturbing to the Court when a litigant is so dissatisfied. But, the Court is required to abide by the law; it cannot base a ruling on sympathy. Moreover, the record here speaks for itself. The Court issued a 37-page opinion (ECF 42), in which it carefully considered the claims, the facts, and the law. It then reviewed that ruling (ECF 56 56, ECF 57), pursuant to plaintiff's request for reconsideration. Although plaintiff is disappointed with the outcome, his disappointment does not support the claims of bias or denial of due process.

## II. Conclusion

For the foregoing reasons, I shall deny the Motion. ECF 63.

An Order follows.

Date: July 8, 2021

_____/s/_____
Ellen L. Hollander
United States District Judge